UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WELLS FARGO BANK, N.A., | Case No. 2:20-CV-1461 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| OLD REPUBLIC TITLE INSURANCE GROUP, INC., et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Wells Fargo Bank, N.A., as Trustee, on Behalf of the Holders of the Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2006-12's ("Wells Fargo") motions to remand, (ECF No. 10), and for attorneys' fees, (ECF No. 11). Defendant Old Republic National Title Insurance Company ("Old Republic") filed a response, (ECF No. 18), to which plaintiff replied (ECF No. 25).

**I.     Background**

The instant action arises from a real property and insurance dispute. On August 5, 2020, plaintiff Wells Fargo filed its complaint in Nevada state court. (ECF No. 1). Just one day after the case was filed—before any defendants were served—Old Republic removed the case to this court. (*Id.*). Wells Fargo now moves to remand. (ECF No. 10).

**II.    Legal Standard**

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the

**James C. Mahan**
**U.S. District Judge**

United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

For diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003). A removing defendant has the burden to prove by a preponderance of the evidence that the jurisdictional amount is met. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996). Removal based on diversity is subject to the forum defendant rule: "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which such action is brought." 28 U.S.C. § 1441(b)(2).

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable. *Id.* (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant faces a strong presumption against

James C. Mahan
U.S. District Judge

- 2 -

removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

### III. Discussion

*A. Motion to Remand*

Plaintiff Wells Fargo contends that removal was defective because *no* defendants were served. (ECF No. 10). This court agrees. As plaintiff notes, this matter tracks closely with this court's prior ruling in *Carrington Mortgage Services, LLC v. Ticor Title of Nevada*, 2020 WL 3892786, 2:20-cv-699-JCM-NJK (D. Nev. 2020). There, removal also occurred before any defendants were served. Defendant responds that, in light of this matter's additional briefing, this court should reject its prior reasoning in favor of Fifth Circuit precedent. *See Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000); *see also Construction Company v. Nexus Gas Transmission*, LLC. 2020 WL 3962247 at *4 (S.D. Texas 2020). Defendant also lays out plaintiff's apparent change in litigation strategy which has spawned this issue. (ECF No. 18). This court is unpersuaded that it should depart from its prior reasoning in *Carrington*. 2020 WL 3892786.

The forum defendant rule expressly prohibits removal based on diversity jurisdiction in cases where "any of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which [the] action is brought." 28 U.S.C. § 1441(b)(2); *see also Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) ("Separate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, § 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state.").

Here, the parties agree that defendant Old Republic of Nevada is a Nevada corporation and, therefore, a forum defendant. Old Republic argues that its removal properly evades the forum defendant rule, because the forum defendant had not yet been served. Indeed, *none* of the defendants were served. This court stands by its prior reasoning:

> In particular, the use of the word "any" in "any parties in interest properly joined and served" necessarily mean[s] "that the statute assumes at least one party has been served; ignoring that assumption would render a court's analysis under the exception

**James C. Mahan**
**U.S. District Judge**

- 3 -

> nonsensical and the statute's use of 'any' superfluous." Thus, under the plain language of the statute, "the lack of a party properly joined and served does not mean an 'exception' to removal is inapplicable, but rather means that an even more basic assumption embedded in the statute—that a party in interest had been served prior to removal—has not been met."

*Carrington*, 2020 WL 3892786, at *3. Defendant's removal was procedurally defective because Old Republic removed this action before any defendants were served. *See id.*; *see also Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 316 (D. Mass. 2013); *Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361 (N.D. Ga. 2011).

Accordingly, remand is appropriate unless Old Republic of Nevada, the forum defendant, was fraudulently joined. Old Republic argues that Old Republic of Nevada, which acted "[a]s the title agent and the express agent of a disclosed principal," was fraudulently joined to improperly thwart removal. (ECF No. 18).

"[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (citations omitted). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe*, 811 F.2d at 1339; *see also Ritchey*, 139 F.3d at 1318 ("[A] defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory."). Conversely, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *GranCare, LLC*, 889 F.3d at 548. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). The Ninth Circuit has "made it clear that the party invoking federal court jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against fraudulent joinder.'" *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting *Hunter*, 582 F.3d at 1046).

Here, Old Republic argues that Wells Fargo failed to allege claims against Old Republic of Nevada as a "title agent," under NRS 692A.060, as opposed to a "title insurer," under NRS

James C. Mahan
U.S. District Judge

- 4 -

692A.070. (ECF No. 18). Thus, Old Republic of Nevada is not a party to the insurance contract, owed no contractual duties to Wells Fargo, and therefore cannot be held liable on any of Wells Fargo's claims. However, Wells Fargo responds that (1) "Old Republic Nevada acted as more than an insurance agent"; (2) "even if Old Republic Nevada was just an agent, as this court held in Carrington, an agent can still be liable under Nevada law"; (3) "Wells Fargo pled a valid claim for alter-ego lability"; and (4) "the statute of limitations—which was not even raised in the petition for removal—is not applicable here." (ECF No. 25).

As this court found in *Carrington*, 2020 WL 3892786, defendant Old Republic has not borne its "heavy burden" to show, by clear and convincing evidence, that a Nevada state court would find that plaintiff Wells Fargo's has failed to state a cause of action against Old Republic of Nevada. Indeed, the complaint alleges, and the record supports, the notion that Old Republic of Nevada acted as "far more than an agent in this case—it issued and executed the subject policy." (ECF No. 25; *see also* ECF No. 1). Additionally, plaintiff has pleaded facts regarding alter ego between Old Republic and Old Republic of Nevada which further bolsters its position that they are properly joined. (ECF No. 1). "In assessing whether a defendant was fraudulently joined, the court need not look extensively at the merits of the claims." *Milligan v. Wal-Mart Stores, Inc.*, No. 2:14-CV-1739 JCM CWH, 2014 WL 7240162, at *3 (D. Nev. Dec. 18, 2014) (citation omitted). The court finds that the state court could *possibly* find that the complaint states a cause of action against Old Republic of Nevada.

Accordingly, the court finds that Old Republic of Nevada is not fraudulently joined and, as a result, defeats diversity jurisdiction under the forum defendant rule. This court grants plaintiff's motion to remand.

**B. Motion for Attorney's Fees**

Under the "American rule," litigants generally must pay their own attorneys' fees in the absence of a rule, statute, or contract authorizing such an award. *See Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). One such statute is 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Under this provision, the

James C. Mahan
U.S. District Judge

decision whether to award attorney's fees "is left to the district court's discretion, with no heavy congressional thumb on either side of the scales." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005).

That is not to say the courts' discretion is unlimited. *See id.* at 139–140 ("Discretion is not whim," but should be "guided by sound legal principles."). The Supreme Court has held that "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* While the Supreme Court has not defined what makes removal objectively unreasonable, the Ninth Circuit has looked to the clarity of the relevant law at the time of removal. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) ("[T]he test is whether the relevant law clearly foreclosed the defendant's basis of removal.").

The law pertaining to snap removal is unsettled, and defendants sufficiently describe why plaintiff's change in litigation strategy gave rise to their attempt to remove. Thus, the court finds that Chicago Title's removal was reasonable and declines to award Carrington attorneys' fees. Carrington's motion is denied.

In light of the foregoing, the defendants' motions to dismiss are denied as moot. (ECF Nos. 22, 23, 24).

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff Wells Fargo's motion to remand (ECF No. 10) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff Wells Fargo's motion for attorneys' fees (ECF No. 11) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Old Republic Title Company of Nevada's motion to dismiss (ECF No. 22) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that Old Republic Title Insurance Group, Inc.'s motion to dismiss (ECF No. 23) be, and the same hereby is, DENIED as moot.

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that Old Republic National Title Insurance Company's motion to dismiss (ECF No. 24) be, and the same hereby is, DENIED as moot.

DATED October 5, 2020.

_____
UNITED STATES DISTRICT JUDGE